THE CITY OF NEW YORK, Appellant, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Respondent.

First Department, November 2, 1923.

**Street railways — action by city of New York to recover cost of paving area between tracks and two feet immediately adjoining outer rails — Laws of 1892, chap. 340, § 3, exempting defendant, was repealed by Laws of 1893, chap. 434 — practical construction by parties shows that repeal was conceded by defendant.**

In an action by the city of New York to recover the expense incurred by it in paving the area between defendant's tracks and the areas immediately adjoining the outer rail of each track for a distance of two feet therefrom, *held,* that section 3 of chapter 340 of the Laws of 1892, which specifically exempted the defendant from the cost of such paving, was repealed by chapter 434 of the Laws of 1893, and the defendant is not exempt from paying for the pavement in question.

Furthermore, the defendant conceded in a brief in another case that it was liable to pay for the paving between the tracks and for a distance of two feet on either side, and this practical construction has a controlling bearing on any ambiguity which might be held to exist as to whether the first mentioned statute was repealed.

APPEAL by the plaintiff, The City of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of June, 1922, upon the decision of the court rendered after a trial before the court without a jury, dismissing the complaint upon the merits.

*George P. Nicholson, Corporation Counsel* [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Charles W. Miller* with him on the brief], for the appellant.

*Addison B. Scoville* of counsel [*Alfred T. Davison* with him on the brief], for the respondent.

FINCH, J.:

This is an action by the city of New York against the Union Railway Company to recover the expense incurred by the city in paving the area between the north- and south-bound tracks and the areas immediately adjoining the outer rail of each said track for a distance of two feet therefrom. The defendant claims an exemption under section 3 of chapter 340 of the Laws of 1892, which specifically provides that the defendant shall keep in repair only such portion of the street as lies between the rails of its tracks, and further specifically provides that the provisions of law generally applicable to railway companies to keep in repair, in addition, the space between the north- and south-bound tracks and the space of two feet adjoining each track, shall not apply to the defendant, and " * * * any act amendatory of or supplementary to said sections, shall not extend to said Union Railway Company * * *." The constitutionality of the act has been upheld. (*Bohmer* v. *Haffen*, 35 App. Div. 381; affd., 161 N. Y. 390.) The city concedes that the defendant obtained an exemption under this act, but claims that by reason of subsequent enactments the exemption has been taken away, and that the defendant is now amenable to the general provisions of the Railroad Law, which apply to all street railroads in the matter of such repairs. (See Railroad Law of 1890, § 98, as amd. by Laws of 1892, chap. 676; now Railroad Law of 1910, § 178, as amd. by Laws of 1912, chap. 368, and Laws of 1921, chap. 433.) Later in the same session of the Legislature at which this exemption was given to the defendant, there was passed an act which the city claims abolished this exemption. (Laws of 1892, chap. 676, amdg. Railroad Law of 1890, § 90.) It is unnecessary to consider the effect of said act, since the following year another act was passed by a new Legislature which did away with the exemption. (Laws of 1893, chap. 434, amdg. Railroad Law of 1890, § 90.) No question here arises as to power, for it is clear that one Legislature could not bind its successor. Said last-mentioned act provided as follows:

" § 90. Street surface railroad; general provision.— The provisions of this article shall apply to every corporation which under the provisions thereof, or of any other law, has constructed or shall construct or operate, or has been or shall be organized to construct or operate, a street surface railroad." (See, also, Laws of 1895, chap. 933, amdg. said § 90; now Railroad Law of 1910, § 170, as amd. by Laws of 1911, chap. 418.)

The legislative intention here clearly is shown to repeal all special exemptions from taxation and to apply one uniform rule. The words " or of any other law " can have no other meaning.

This respondent has heretofore in a proceeding for a writ of mandamus expressly conceded such liability. In a brief which the defendant herein filed with the Court of Appeals in 1916 it was said: "The area which the railway company is obliged by statute to keep in repair — to wit, the space between its tracks, the rails of its tracks, and two feet in width outside of its tracks — was included in the contract  *  *  *." (See *Matter of Uvalde Contracting Co.* v. *Mathewson*, 219 N. Y. 286.) Having before it this concession, the Court of Appeals specifically stated: "This space is styled in the record 'the railroad area.' The railway company is charged by law with the duty of keeping it in repair." Previous to and following this concession by the respondent and this unqualified statement by the Court of Appeals, this respondent for a period of nine years from 1910 until 1919 paid, without objection as to area, paving bills for the area between its tracks, between the rails of its tracks, and two feet in width outside of its tracks, which are in accordance with the requirements of sections 90 and 98 of the former Railroad Law, as re-enacted in sections 170 and 178 of the present Railroad Law. This practical construction cannot be ignored. A statute is as susceptible of practical construction as a contract. (*Riverdale Realty Co.* v. *City of New York*, 168 App. Div. 103, 107; *Adamson* v. *Schreiner*, 176 id. 95, 99, 100.) This practical construction has a controlling bearing on any ambiguity which might be held to exist as to whether chapter 434 of the Laws of 1893 repealed section 3 of chapter 340 of the Laws of 1892.

For the foregoing reasons the judgment appealed from dismissing the complaint should be reversed, with costs, and judgment directed for the plaintiff, with costs.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment directed for the plaintiff, with costs. Settle order on notice.